11 Civ. 2048 (PGG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENN KRASNER,

                                          Plaintiff,

- against -

THE CITY OF NEW YORK, AND THE FIRE DEPARTMENT OF THE CITY OF NEW YORK,

                                          Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street, Room 2-144*
*New York, N.Y. 10007*

*Of Counsel: Adam E. Collyer*
*Tel: (212) 788-8688*
*Matter No. 2011-006866*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

GLENN KRASNER,

                              Plaintiff,      11 Civ. 2048 (PGG)

    -against-

THE CITY OF NEW YORK, AND THE FIRE
DEPARTMENT OF THE CITY OF NEW YORK,

                              Defendant.

------------------------------------------------------------------ x

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

#### PRELIMINARY STATEMENT

        Plaintiff, formerly employed by the City of New York ("City") as a Fire Protection Inspector ("FPI") in the City's Fire Department ("FDNY"), commenced this action alleging that defendants discriminated and retaliated against him in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended. Plaintiff alleges that he was terminated because of his alleged disability, Asperger's Syndrome, that defendants did not grant his request for a reasonable accommodation, and that defendants retaliated against him for engaging in protected activity, a complaint to FDNY's Office of Equal Employment Opportunity ("OEEO").

        Defendants moved for summary judgment on September 24, 2012, on the grounds that: (1) allegations in the Complaint are barred by the applicable statute of limitations; (2) plaintiff's termination was based on a pattern of repeated misconduct including insubordination and threats to co-workers and not on discrimination, and that such misconduct is not protected by the ADA; (3) plaintiff was never denied a reasonable accommodation; (4) there is no causal

connection between the April 30, 2007 disciplinary charges that led to plaintiff's termination, and plaintiff's complaint to the FDNY Office of Equal Employment Opportunity ("OEEO") in January 2009; and (5) defendant FDNY is not a suable entity.

Additionally, plaintiff has moved for summary judgment, pursuant to Rule 56, arguing that he should not have been terminated for his misconduct because such misconduct was the product of his alleged disability. However, plaintiff's argument is unsupported by the law. As set forth fully below, plaintiff's alleged disability does not shield him from discipline or discharge for incidents of misconduct in the workplace. Plaintiff was found guilty by a neutral administrative law judge at his disciplinary hearing of refusing to perform a duty as instructed by a supervisor, multiple instances of profane language to his supervisors, engaging in a physical altercation with his supervisor, and multiple instances of making threatening remarks to his supervisors and colleagues. Plaintiff was found to pose a direct threat to the health and safety of others. Accordingly, plaintiff's termination was entirely lawful and proper, and his motion for summary judgment must be denied.

## STATEMENT OF FACTS

Defendants respectfully refer to their Statement of Undisputed Facts pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York for a recitation of the facts.[1]

---

[1] Defendants served their own motion for summary judgment on plaintiff on September 24, 2012, in accordance with the Court's order, dated September 12, 2012. See Docket Entry No. 24.

## ARGUMENT

### PLAINTIFF'S TERMINATION DID NOT VIOLATE THE LAW.

In order to state a *prima facie* case of disability discrimination under the ADA, a plaintiff must establish that (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of the job with or without a reasonable accommodation; and (4) he suffered an adverse employment action because of his disability. Heyman v. Queens Village Comm. For Mental Health, 198 F.3d 68, 72 (2d Cir. 1999). Courts analyze an ADA discriminatory discharge claim through the burden shifting analysis established by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973). Under this analysis, if a plaintiff is able to establish a *prima facie* case of discrimination, the burden then shifts to the defendant employer to proffer a non-discriminatory reason for plaintiff's dismissal. If the employer proffers such a reason then the burden shifts back to plaintiff, who is required to show that those reasons are a pretext for discrimination. See Heyman, 198 F.3d at 72. A reason is a pretext if the proffered reason is false and the real reason for the adverse action is discriminatory. St Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993); see Hollander v. American Cyanamid Co., 172 F.3d 192, 201 (2d Cir. 1999). The burden that shifts is the burden of producing some evidence; the burden of persuasion remains with the plaintiff. Texas Dept of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Here, even assuming, *arguendo,* that plaintiff has established that he is disabled within the meaning of the ADA and that he suffered an adverse employment action (termination), plaintiff cannot show that he was "otherwise qualified to perform the essential

- 3 -

functions of his job with or without a reasonable accommodation," and defendants have proffered a legitimate non-discriminatory business reason for plaintiff's dismissal.

It cannot be disputed that plaintiff was fired because he engaged in misconduct at work. See Decision of the Office of Administrative Hearings and Tribunals in City of New York v. Krasner, Index No. 2967/09, dated August 18, 2009 ("OATH Decision"), which is annexed to the Collyer Dec. as Exhibit "F," at 14-15 and 18 (finding that plaintiff "used profane language and loudly refused to issue a "repeat violation" as directed by two supervisors on February 14, 2006, in violation of Chp. 1 (3), (4), (5) & (6) of its Civilian Code of Conduct;" that, on February 16, 2006, plaintiff "yelled at and directed profanity at two supervisors, verbally threatened the supervisors, and engaged in a physical confrontation with one of those supervisors by bumping his chest against the supervisor's, in violation of Chp. 1 (3), (4) & (5) of its Civilian Code of Conduct;" and that on April 24, 2007, plaintiff "loudly repeated the words "Metrotech equals Virginia Tech," and referred to himself as the perpetrator of that massacre to intimidate his supervisors, in violation of Chp. 1 (3) & (5) of its Civilian Code of Conduct.").

Whether these acts of misconduct were a manifestation of plaintiff's Asperger's is wholly immaterial because "the ADA does not immunize disabled employees from discipline or discharge for incidents of misconduct in the workplace." Valentine v. Standard & Poor's, 50 F. Supp. 2d 262, 289 (S.D.N.Y. 1999), aff'd 205 F.3d 1327 (2d Cir. 2000). "This basic principle has been repeatedly applied by Courts throughout the Second Circuit and elsewhere," Valentine, 50 F. Supp. 2d at 289, and extends to claims brought pursuant to the SHRL and CHRL as well. Hazen v Hill Betts & Nash, LLP, 92 A.D.3d 162, 170 (1st Dep't 2012); Cuttler v. Fried, Frank, Harris, Shriver & Jacobson, LLP, No. 10 Civ. 296 (DAB), 2012 U.S. Dist. LEXIS 41906 (S.D.N.Y. 2012) (granting summary judgment to defendant under the SHRL and CHRL because

an employer is not required "to excuse" an employee's "workplace misconduct as an accommodation of [his] disability"). In fact, as stated in Woolcott v. E.I. Dupont De Nemours & Co., 1997 U.S. Dist. LEXIS 6700, at *17-*18 (W.D.N.Y. Apr. 29, 1997), cited by plaintiff in support of his motion, "[s]imply stated, the ADA does not protect an [employee] from the consequences of his misconduct."

The Court in Woolcott specifically notes that while the ADA might protect an individual's status as a person with a disability (in that case, alcoholism), "it is equally clear that [those persons suffering from a disability] are not exempt from reasonable rules of conduct and that an employer need not tolerate [those persons suffering from a disability's] misconduct such as sporadic attendance[.]" Plaintiff's misconduct goes far beyond mere attendance issues – plaintiff made numerous threatening remarks, engaged in physical altercations at work, and was found by a neutral administrative law judge to pose a "direct threat . . . to the health or safety of others." See OATH Decision at 17.

Accordingly, plaintiff's argument that his termination for his misconduct was violative of the ADA, SHRL or CHRL is unsupported by the law, requiring that plaintiff's motion for summary judgment be denied.

## CONCLUSION

**WHEREFORE,** defendants respectfully request that plaintiff's motion for summary judgment be denied in its entirety, that defendants' motion for summary judgment, dated September 24, 2012, be granted in its entirety, that the complaint be dismissed in its entirety, that judgment be entered for defendants, and that defendants be granted costs, fees, and expenses, together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         October 18, 2012

                                      **MICHAEL A. CARDOZO**
                                      Corporation Counsel of the
                                         City of New York
                                      Attorney for Defendants
                                      100 Church Street, Rm. 2-144
                                      New York, New York 10007-2601
                                      (212) 788-8688
                                      acollyer@law.nyc.gov

By:   ECF          /s/ _____
      Adam E. Collyer
      Assistant Corporation Counsel